IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL AMODEI-MASCARA, LAURA
JANE AMODEI,

         Plaintiff(s),

  v.

MICHAEL KRESICH, AARON WAGLE,
FALLOWFIELD TOWNSHIP,

         Defendant(s).

08cv0743
**ELECTRONICALLY FILED**

## ORDER OF COURT

Before the Court is the motion by defendants, Michael Kresich, Aaron Wagle, and Fallowfield Township, to dismiss the five complaint of plaintiffs Cheryl Amodei-Mascara and Laura Jane Amodei, setting forth claims for First Amendment retaliation under U.S.C. § 1983 and state law defamation claims. After careful consideration of the motion and brief in support, and of plaintiffs' response and brief in opposition to the motion to dismiss, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955. 1964-65 (2007).

In making this determination, the Court must construe the pleading in the light most

favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiffs will be able to state no set of facts in support of their claims. Accordingly,

**AND NOW,** this 21st day of July, 2008**, IT IS HEREBY ORDERED** that defendants' motion to dismiss (doc. no. 8) **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc:      All ECF registered counsel